IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DINH TRAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:10-CV-431-H |
| | ) | |
| COTY, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| DINH TRAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:11-CV-114-H |
| | ) | |
| COTY, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

### ORDER

These consolidated matters are before the court on the motions to dismiss filed by the defendant, Coty, Inc. ("Coty"). In reviewing these matters, the court has found that these two matters involve the same parties and the complaints in the two matters are virtually identical. Purportedly in response to

defendant's motions to dismiss, plaintiff filed a Motion for Justice. These matters are ripe for adjudication.

The court has carefully reviewed the matters and finds that plaintiff's complaints should be dismissed in their entirety for the following reasons.

I. Discrimination Claims

First, as to any claims of discrimination, plaintiff failed to include discrimination in his administrative charge with the EEOC, leaving this court without subject matter jurisdiction over those claims. On the form, he only selected retaliation. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. ____). Therefore any claims of discrimination are dismissed for lack of subject matter jurisdiction.

II. Retaliation Claims

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

2

The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed.

3

2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.

However, a plaintiff has an obligation to provide the grounds of his entitlement to relief with "more than labels and conclusions." Twombly, 127 S. Ct. at 1965. The complaint must allege facts sufficient "to raise a right to relief above the speculative level, id., and "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Even though this court liberally construes pro se complaints, it is not required to "accept the legal conclusions drawn from the facts. Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs., Ltd. Partnership, 213 F.3d 175, 180 (th Cir 2000) (citations omitted).

In these consolidated matters, plaintiff fails to state a claim upon which relief can be granted. His allegations do not give fair notice of a claim which is plausible on its face. It is difficult from plaintiff's poorly drafted complaints and numerous attachments to decipher plaintiff's claims but it appears plaintiff is claiming retaliation in that his "problems" at Coty started after he reported some safety concerns to the

4

EEOC and the North Carolina Department of Labor and after he became a "witness for a racial case." Plaintiff then appears to allege that he was retaliated against by his employer filing written warnings against him and ultimately terminating his employment on October 5, 2009.

Plaintiff's charge of discrimination with the EEOC, which was filed on October 15, 2009, alleges only that plaintiff received two written warnings. None of the other warnings or the termination were alleged in the EEOC claim. Therefore, this court only has jurisdiction over plaintiff's allegations regarding the first two warnings.

Plaintiff's allegations regarding the first two warnings are conclusory allegations which do not state a cognizable legal claim. It appears from plaintiff's complaint that plaintiff called Coty's hotline after receiving the first written warning, so that warning could not have been in retaliation for the hotline call. AS to the second warning, the complaint is poorly drafted and it is difficult for this court to decipher plaintiff's argument, but it appears he may have complained of a safety violation. Plaintiff does not state what the results of this warning were, but the court sees no allegations that a reasonable employee would find this written warning materially adverse.

5

Plaintiff's poorly drafted complaints fail to state anyclaim that is plausible on its face. These mere conclusory allegations are not enough to survive a Rule 12(b)(6) analysis.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss are GRANTED, and these matters are dismissed in their entirety. All other pending motions are deemed moot. The clerk is directed to close these cases.

This 13TH day of December 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26